IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARK J. CHIDESTER,              )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )         No. 02-2556 Ma/A
CITY OF MEMPHIS, et al.,        )
                                )
        Defendants.             )
                                )

## ORDER DISMISSING DEFENDANT A.C. GILLESS IN HIS PERSONAL CAPACITY AND GRANTING DEFENDANT GILLESS' MOTION TO DISMISS A.C. GILLESS IN HIS OFFICIAL CAPACITY

Plaintiff Mark Chidester brings this action under 42 U.S.C. § 1983, alleging that Memphis and Shelby County police officers violated his First, Fourth, Sixth, and Fourteenth Amendment rights. Chidester also brings state law claims of assault, intentional infliction of emotional distress, and official misconduct. Chidester's amended complaint names a number of defendants including Shelby County and A.C. Gilless in his personal and official capacities as Sheriff of Shelby County.

On December 2, 2004, a "Notice of Suggestion of Death of Defendant A.C. Gilless" was filed by Defendant Shelby County. During a status conference held on January 17, 2005, the court was informed by Chidester's counsel that Chidester will not seek to "bring in" the estate of A.C. Gilless. Accordingly, Chidester's

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-8-05

suit against Gilless in his personal capacity is DISMISSED.

On February 8, 2005, Gilless filed a "Motion to Dismiss A.C. Gilless in his Official Capacity." Chidester has not filed a response. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Gilless was employed by Shelby County. Because Chidester's suit names Shelby County as a Defendant, naming Gilless as a defendant in his official capacity is redundant. Chidester's suit against Gilless in his official capacity is DISMISSED.

So ordered this 7th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 120 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Christopher Lee Brown
LAW OFFICE OF CHRISTOPHER L. BROWN
5104 Stage Rd.
Memphis, TN 38134

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT