IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUN -7 PM 4: 28

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN. MEMPHIS

MARK J. CHIDESTER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　No. 02-2556 Ma/A
　　　　　　　　　　　　　　　　　　)
CITY OF MEMPHIS, et al.,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

---

**ORDER GRANTING DEFENDANT CITY OF MEMPHIS' MOTION TO DISMISS THE
CITY OF MEMPHIS AND DISMISSING DEFENDANT W.E. CREWS IN HIS
OFFICIAL CAPACITY**

---

Plaintiff Mark Chidester brings this action under 42 U.S.C. §
1983, alleging that Memphis and Shelby County police officers
violated his First, Fourth, Sixth, and Fourteenth Amendment rights.
Chidester also brings state law claims of assault, intentional
infliction of emotional distress, and official misconduct.
Chidester's complaint names defendants the City of Memphis; Shelby
County; W.E. Crews in his personal and official capacity as
Director of the Memphis Police Department; A.C. Gilless in his
personal and official capacity as Sheriff of Shelby County;
Sergeant D.L. Bickerstaff in his personal and official capacity as
an officer of the Memphis Police Department; Officer J.H. Thomas in
his personal and official capacity as a deputy of the Shelby County
Sheriff's Department; Officer Michael R. Reynolds in his personal

121

and official capacity as a police officer of the Shelby County Sheriff's Department; Sergeant Bennie Morris in his personal and official capacity as a sergeant of the Shelby County Sheriff's Department; and Lieutenant Ken Landry in his personal and official capacity as a lieutenant and official of the Internal Affairs Division of the Shelby County Sheriff's Department. Chidester seeks declaratory relief and compensatory and punitive damages.

On January 27, 2005, this court entered an order dismissing all claims against Sergeant Bickerstaff of the Memphis Police Department. Also on January 27, 2005, this court entered a stipulated order dismissing W.E. Crews in his individual capacity. On February 4, 2005, the City of Memphis (the "City") filed a motion asking the court to dismiss it as a defendant because none of the City's police officers remain defendants in the suit. Chidester filed a response on February 23, 2005.

The City's claim that no City police officers remain defendants in the suit is not precisely correct. W.E. Crews remains a defendant in his official capacity. Official capacity suits, however, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). Crews is

2

employed by the City. Because Chidester's suit names the City as a Defendant, naming Crews as a defendant in his official capacity is redundant. Chidester's suit against Crews in his official capacity is DISMISSED.

A city can only be held liable under § 1983 if a plaintiff's constitutional rights were violated by the city's officials. Bukowski v. City of Akron, 326 F.3d 702, 712-13 (6th Cir. 2003) ("[T]he determination that the City's officials did not violate the plaintiff['s] constitutional rights resolves the claim[s] against the City as well.") The "factual allegations" section of Chidester's Complaint sets out the acts that Chidester alleges violated his constitutional rights and created his § 1983 claim. The only city employee whose actions are described in the "factual allegations" section of the Complaint is Sergeant Bickerstaff.

In an earlier order, this court dismissed Chidester's § 1983 claims against Sergeant Bickerstaff because the court determined that Sergeant Bickerstaff's alleged actions during Chidester's arrest did not violate Chidester's constitutional rights. January 27, 2005, Order Granting Defendant Bickerstaff's Motion to Dismiss. Because Chidester does not allege acts by any other City employees that violated his constitutional rights, the court's finding that Chidester has no § 1983 claim against Sergeant Bickerstaff resolves

the § 1983 claims against the City as well.[1] Thus, Chidester has no § 1983 claims against the City for a violation of his constitutional rights, and the City of Memphis' motion to dismiss is GRANTED.


So ordered this __7th__ day of June 2005.


_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE


---

[1] Chidester, in his response, does not argue that the acts of any City employee other than Sergeant Bickerstaff violated Chidester's constitutional rights. Chidester's response argues only that the § 1983 claims against Bickerstaff were wrongly dismissed. (Pl.'s Resp. at 1.)

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 121 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on June 8, 2005 to the parties listed.

---

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Christopher Lee Brown
LAW OFFICE OF CHRISTOPHER L. BROWN
5104 Stage Rd.
Memphis, TN 38134

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Honorable Samuel Mays
US DISTRICT COURT