IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 JUN 14 PM 3:19
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| MARK J. CHIDESTER, ) | |
| Plaintiff, ) | |
| v. ) | No. 02-2556 Ma/A |
| CITY OF MEMPHIS, et al., ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDERS ON DEFENDANTS BICKERSTAFF'S AND THOMAS' MOTIONS TO DISMISS AND/OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Plaintiff Mark Chidester brings this action under 42 U.S.C. § 1983, alleging that Memphis and Shelby County police officers violated his First, Fourth, Sixth, and Fourteenth Amendment rights. Chidester also brings state law claims of assault, intentional infliction of emotional distress, and official misconduct. Chidester's complaint is against the City of Memphis; Shelby County; W.E. Crews in his personal and official capacity as Director of the Memphis Police Department; A.C. Gilless in his personal and official capacity as Sheriff of Shelby County; Sergeant D.L. Bickerstaff in his personal and official capacity as an officer of the Memphis Police Department; Officer J.H. Thomas in his personal and official capacity as a deputy of the Shelby County Sheriff's Department; Officer Michael R. Reynolds in his personal

and official capacity as a police officer of the Shelby County Sheriff's Department; Sergeant Bennie Morris in his personal and official capacity as a sergeant of the Shelby County Sheriff's Department; and Lieutenant Ken Landry in his personal and official capacity as a lieutenant and official of the Internal Affairs Division of the Shelby County Sheriff's Department. Chidester seeks declaratory relief and compensatory and punitive damages.

On August 6, 2004, Bickerstaff filed a "Motion to Dismiss and/or in the Alternative for Summary Judgment." On October 4, 2004, Chidester filed a response. On October 25, 2004, Bickerstaff filed a reply to Chidester's response. On January 27, 2005, this court entered an order dismissing all claims against Bickerstaff. On December 7, 2004, defendant Thomas filed a motion to dismiss and/or in the alternative for summary judgment. On January 10, 2005, Chidester filed a response to Thomas' motion. On January 27, 2005, this court entered an order granting in part and denying in part Thomas' motion.

Before the court is Chidester's February 17, 2005, motion asking the court to alter or amend its orders on Bickerstaff's and Thomas' motions. Chidester asks that the court reconsider its dismissal of his conspiracy claims under §§ 1983 and 1986 against both defendants and reconsider its dismissal of Chidester's excessive force claim under § 1983 against Bickerstaff. Bickerstaff and Thomas filed a joint response on February 18, 2005. For the following reasons, Chidester's motion is DENIED.

I.  **Background**

The following facts are undisputed, unless otherwise noted. Chidester alleges that on or about December 8, 2001, thirty minutes after leaving the scene of a car accident, he returned to find that his vehicle had been towed and police officers were on the scene. (Am. Compl. at ¶ IV.1-3.) Chidester turned himself in to Shelby County Officer Thomas, "stating that he wished to go immediately to jail." (Id. at ¶ IV.4.) Officer Thomas and Sergeant Bickerstaff attempted to perform a field sobriety test on Chidester. (Bickerstaff Aff. at 2.) Sergeant Bickerstaff then entered the front of his police car while Officer Thomas escorted Chidester to the back door of the car. (Id.) While Officer Thomas was attempting to get Chidester into the police car, a "scuffle" between the parties ensued. (Id.) The precise actions that Officer Thomas took to control Chidester during the "scuffle" are in dispute. Sergeant Bickerstaff was aware that some sort of "scuffle" took place. (Id.) The parties dispute whether Sergeant Bickerstaff was aware of the precise actions that Officer Thomas took to control Chidester during the "scuffle."

Officer Thomas then carried Chidester to the back of the squad car, slammed his head on the trunk, and forced Chidester to the ground. (Am. Compl. at ¶ IV.9, 11.) On realizing that Chidester had been slammed against his police car, Sergeant Bickerstaff left the car and approached Officer Thomas and Chidester at the rear of the

3

car. (Bickerstaff Aff. at 2.) All of these events were filmed by a camera inside Sergeant Bickerstaff's police car. (Am. Compl. at ¶ IV.10.) Chidester alleges that he suffered injuries to his head and inner elbow. (Id. at ¶ IV.17.)

Chidester filed his complaint in the district court on July 15, 2002. The case was stayed pending the completion of related criminal prosecutions. Those matters have been resolved, and the case was reopened on May 11, 2004.

## II. Jurisdiction

Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction to adjudicate state law claims arising from a common nucleus of operative facts under 28 U.S.C. § 1367(a).

## III. Standard of Review

### A. Relief From an Order

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect. . . ." Fed. R. Civ. P. 60(b); see also Blachy v. Butcher, No. 03-2079, 2005 WL 843905, at *5 (6th Cir. April 12, 2005).

### B. Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it

4

to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003). There is no increased pleading standard for claims alleging municipal liability under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66 (1993).

5

## C. Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." Cloverdale Equip. Co.

6

v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See InterRoyal Corp. v. Sponseller, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See id.

**IV. Analysis**

   **A. Dismissal of Chidester's Conspiracy Claims**

   In its orders on Bickerstaff's and Thomas' motions to dismiss this court stated:

> Chidester's response to [the defendants'] motion[s] raises conspiracy claims under §§ 1983 and 1986. Chidester's complaint makes no mention of §§ 1983 and 1986 conspiracy claims. In the absence of the consent of all parties to the suit, a claim not raised in the complaint cannot be raised in later stages of litigation. Stemler v. City of Florence, 126 F.3d 856, 872 (6th Cir. 1997).

(Order on Bickerstaff's Motion at 13-14; Order on Thomas' Motion at 11.)

   Chidester argues that reconsideration of the court's order is warranted because the court was mistaken in finding that the amended complaint did not raise claims of conspiracy under 42 U.S.C. §§ 1983 and 1986. In support of this position, Chidester offers the following quotes from his amended complaint:

> The defendant told the officers: [you are] hurting me, quit hurting me.

(Am. Compl. at ¶ IV.8.)

7

> Very shortly after [Thomas slammed Chidester's head on the patrol car and forced Chidester to the ground] Sergeant Bickerstaff turns off the videotape in an effort to cover up and conceal this matter and destroy further evidence.

(Am. Compl. at ¶ IV.12.)

> Bickerstaff then appears on the videotape [approximately 25 minutes after it was turned off] and attempts to cover up the incident by saying that the tape may have had audio problems, adding that Chidester gave the deputies a "hard time" and that he was showing this as a refusal to submit to the BAC test.

(Am. Compl. at ¶ IV.13.)

> Bickerstaff edited the videotape to conceal events, manufacture evidence, and cover up the actions of Thomas. He also falsely manufactured evidence regarding Refusal to Submit to a BAC test. Bickerstaff also made a verbal statement into the re-started videotape in an attempt to lay blame on your plaintiff and cover up these matters.

(Am. Compl. at ¶ IV.14.)

> An Affidavit of Complaint was written and signed by J.H. Thomas, the arresting officer, falsely stating that the injuries received to the Plaintiff's head were "self inflicted." Sergeant Bickerstaff made no effort to correct false police reports.

(Am. Compl. at ¶ IV.28.)

Chidester, however, neglects to mention that the quotations he offers in support of his position are taken from section IV of his amended complaint which is titled "Factual Allegations." Section V of the amended complaint is titled "Causes of Action." Although Chidester lists 40 causes of action in section V, he does not cite 42 U.S.C. § 1986 a single time, nor does he use the word

"conspiracy" a single time.[1]

Fed. R. Civ. P. 8(a)(2) requires that a plaintiff pleading a claim for relief give "a short and plain statement of the claim." This rule is not difficult to satisfy: "[u]nder the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Vector Research, Inc. v. Howard & Howard Attorneys P.C.</u>, 76 F.3d 692, 697-98 (6th Cir. 1996) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Simply alleging facts which, if believed, could sustain a particular cause of action does not give the defendant "fair notice of what the plaintiff's claim is." The plaintiff must actually state what his claims are because a defendant is not required to prepare a defense to every cause of action that could conceivably arise from the set of facts alleged in a complaint. Chidester's amended complaint does not state that he is bringing a claim of conspiracy in violation of §§ 1983 and 1986. Thus, for Chidester's conspiracy claims, the amended complaint, by its plain language, does not satisfy Fed. R. Civ. P. 8(a)(2)'s requirement that a plaintiff state the claims he is bringing.

Even if Chidester's amended complaint satisfied Rule 8(a)(2) for his conspiracy claims, those claims would not survive a motion

---

[1] Chidester also does not argue that any of the 40 causes of action should be read to imply that he has brought a claim based on conspiracy.

9

to dismiss under Fed. R. Civ. P. 12(b)(6). Chidester's § 1986 claim cannot survive a motion to dismiss because Chidester has not alleged that he is a member of a class afforded special protection under the Equal Protection Clause. "Where a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986." Braley v. City of Pontiac, 906 F.2d 220, 227 (6th Cir. 1990). The Supreme Court has limited plaintiffs who may make out § 1985 claims to those people who are victims of conspiracies because of "racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The Sixth Circuit has interpreted Griffin to mean that suits under § 1985 are only permitted if the plaintiff is a member "of a discrete and insular minority which [is] accorded special protection under the Equal Protection Clause. . . ." Seguin v. City of Sterling Heights, 968 F.2d 584, 590 (6th Cir. 1992) (internal quotes and citations omitted). Chidester does not claim to be a member of any class. Consequently, Chidester could not state a claim under § 1985 and cannot bring a claim under § 1986.

Chidester's claim of conspiracy under § 1983 also cannot survive a Rule 12(b)(6) motion to dismiss. To prevail on a civil claim of conspiracy in violation of § 1983, a plaintiff must allege that he was deprived "of civil rights in furtherance of the conspiracy by a party to the conspiracy." Pfannstiel v. City of Marion, 918 F.2d 1178, 1187 (5th Cir. 1990); see also Farhat v.

10

Jopke, 370 F.3d 580, 599 (6th Cir. 2004) (stating that because the plaintiff suffered no constitutional deprivations he could not bring a conspiracy claim under § 1983). Chidester appears to claim that the alleged conspiracy deprived him of his right to access to courts in violation of the "First, Fourth Sixth, and Fourteenth Amendment Due Process Rights." (Am. Compl. at ¶ V.8.)[2] In its previous orders, this court dismissed Chidester's claims for deprivation of his right to access to courts in violation of § 1983. (Order on Bickerstaff's Motion to Dismiss at 9; Order on Thomas' Motion to Dismiss at 9.) Consequently, there is no constitutional violation that can serve as the basis for Chidester's conspiracy claims.

### B. Summary Judgment on Chidester's § 1983 Claim Against Bickerstaff for Violation of Chidester's Fourth Amendment Rights

Chidester asks the court to reconsider its order granting summary judgment on his § 1983 claim against Bickerstaff for violation of his Fourth Amendment right to be free from the use of excessive force. Chidester's motion for reconsideration offers no new arguments or factual allegations supporting this claim. In its earlier order the court concluded that no reasonable jury could find that Bickerstaff was in a position to prevent Thomas' alleged use of excessive force. (Order on Bickerstaff's Motion to Dismiss

---

[2] Chidester's claims of use of excessive force in violation of the Fourth Amendment cannot be the constitutional violation that forms the basis of his conspiracy claims because he does not allege that the defendants entered into a conspiracy to harm him physically.

11

at 9.) The entire incident is on a videotape that the court has viewed. Although questions of material fact certainly exist about the altercation between Thomas and Chidester, there is no question that Bickerstaff was not in a position to intervene. The videotape clearly shows that Bickerstaff was in his police cruiser during the incident and, as soon as he became aware of a problem, he left the car and investigated. There are no allegations that any physical abuse of Chidester continued after Bickerstaff left his police cruiser and approached Thomas and Chidester. No reasonable jury could conclude that Bickerstaff, inside his police cruiser, could have prevented the incident between Thomas and Chidester.

## V. Conclusion

For the foregoing reasons, Plaintiff's motion is DENIED.


So ordered this 14th day of June 2005.

*[signature]*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 123 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Christopher Lee Brown
GOTTEN WILSON SAVORY & BEARD, PLLC
88 Union Ave.
14th Floor
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT