IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARK J. CHIDESTER,            )
                              )
    Plaintiff,                )
                              )
v.                            )    No. 02-2556 Ma/A
                              )
CITY OF MEMPHIS, et al.,      )
                              )
    Defendants.               )
                              )

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SHELBY COUNTY'S MOTION TO DISMISS PLAINTIFF'S § 1983 CLAIMS AGAINST SHELBY COUNTY**

---

Plaintiff Mark Chidester brings this action under 42 U.S.C. § 1983, alleging that Memphis and Shelby County police officers violated his First, Fourth, Sixth, and Fourteenth Amendment rights. Chidester also brings state law claims of assault, intentional infliction of emotional distress, and official misconduct. Chidester's complaint names as defendants the City of Memphis; Shelby County; W.E. Crews in his personal and official capacity as Director of the Memphis Police Department; A.C. Gilless in his personal and official capacity as Sheriff of Shelby County; Sergeant D.L. Bickerstaff in his personal and official capacity as an officer of the Memphis Police Department; Officer J.H. Thomas in his personal and official capacity as a deputy of the Shelby County Sheriff's Department; Officer Michael R. Reynolds in his personal



and official capacity as a police officer of the Shelby County Sheriff's Department; Sergeant Bennie Morris in his personal and official capacity as a sergeant of the Shelby County Sheriff's Department; and Lieutenant Ken Landry in his personal and official capacity as a lieutenant and official of the Internal Affairs Division of the Shelby County Sheriff's Department. Chidester seeks declaratory relief and compensatory and punitive damages.

Before the court is Defendant Shelby County's (the "County") motion to dismiss, filed on February 11, 2005, in which Shelby County argues that Chidester's § 1983 claims against the County should be dismissed. Chidester responded on February 28, 2005. For the following reasons, Shelby County's motion to dismiss Chidester's § 1983 claims is granted in part and denied in part.

## I. Background

The following facts are undisputed, unless otherwise noted. Chidester alleges that on or about December 8, 2001, thirty minutes after leaving the scene of a car accident, he returned to find that his vehicle had been towed and police officers were on the scene. (Am. Compl. at ¶¶ IV.1-3.) The police officers on the scene were Sergeant Bickerstaff, Officer Thomas and Officer Reynolds. (Id. at ¶ IV.15.) Chidester turned himself in to Shelby County Officer Thomas, "stating that he wished to go immediately to jail." (Id. at ¶ IV.4.) Officer Thomas and Sergeant Bickerstaff attempted to perform a field sobriety test on Chidester. (Bickerstaff Aff. at

2

2.) Sergeant Bickerstaff then entered the front of his police car while Officer Thomas escorted Chidester to the back door of the car. (Id.) While Officer Thomas was attempting to get Chidester into the police car, a "scuffle" between the parties ensued. (Id.) The precise actions that Officer Thomas took to control Chidester during the "scuffle" are in dispute.

Officer Thomas then carried Chidester to the back of the squad car, slammed his head on the trunk and forced Chidester to the ground. (Am. Compl. at ¶ IV.9, 11.) Officer Reynolds was within 20 feet of Officer Thomas during the incident. (Id. at ¶ IV.16.) All of these events were filmed by a camera inside Sergeant Bickerstaff's police car. (Id. at ¶ IV.10.) Chidester alleges that he suffered injuries to his head and inner elbow. (Id. at ¶ IV.17.) Chidester also alleges that after the incident Officers Morris, Reynolds, and Landry participated in an attempt to "cover-up" Officer Thomas' alleged excessive use of force by participating in an inadequate investigation of the arrest. (Id. at ¶¶ IV.30-35.)

Chidester filed his complaint in the district court on July 15, 2002. The case was stayed pending the completion of related criminal prosecutions. Those matters have been resolved, and the case was reopened on May 11, 2004. Chidester filed an amended complaint on December 22, 2004, adding as defendants Officers Reynolds, Morris and Landry. Chidester alleges that the attempt by Officers Reynolds, Morris and Landry to "cover-up" the alleged

3

beating is a common practice in the Shelby County Sheriff's Department and that this departmental policy, which prevents officers from being held accountable for excessive use of force, was responsible for Chidester's beating. (Id. at ¶¶ V.6, 39-40.)

In previous orders this court has found that the only constitutional violation Chidester has stated is the deprivation of his Fourth Amendment right against use of excessive force. (January 27, 2005, Order on Officer Thomas' Motion to Dismiss and/or Motion for Summary Judgment at 11.) The court has found that Chidester has no § 1983 claim for denial of his right to access to courts in violation of the First and Fourteenth Amendments. (Id. at 8-9.) The court has also held that Chidester has no § 1983 claim based on a violation of his Sixth Amendment rights.[1] (Id. at 9.)

## II. Jurisdiction

Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction to adjudicate state law claims arising from a common nucleus of operative facts under 28 U.S.C. § 1367(a).

## III. Standard of Review For Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon

---

[1] The court has also held that Chidester has no claims for a civil conspiracy under §§ 1983 and 1986. (June 14, 2005, Order on Chidester's Motion to Reconsider at 11.)

4

which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003). There is no increased pleading standard for claims alleging municipal liability under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66 (1993).

### IV. Analysis

The County asks the court to dismiss Chidester's § 1983 claims against it because Chidester has not shown that an official policy

of the County caused its employees to violate Chidester's constitutional rights. (Def.'s Mot. at 1.) Because this court has found that Chidester has no § 1983 claims for deprivations of his right to access to courts in violation of the First and Fourteenth Amendments or for violation of his Sixth Amendment rights, Chidester's § 1983 claims against the County based on those alleged constitutional deprivations are dismissed.

This court has found that Chidester has stated a claim against Officer Thomas under § 1983 for a violation of his Fourth Amendment right against use of excessive force. To state a claim against the County based on Officer Thomas' alleged excessive use of force, Chidester's complaint must allege that agents of the County, acting under color of state law, perpetrated the violation and that their actions were motivated by a county policy or a policy of inaction. <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union</u>, 361 F.3d at 902. Chidester alleges that (1) the County's Police Officers, acting under color of law, (2) deprived him of his Fourth Amendment rights by using excessive force to arrest him, and (3) the County's policy of deliberate indifference to police beatings, as evidenced by the County's failure to investigate this incident properly and punish the officers responsible, was the moving force behind the violation.

The County contends that Chidester's factual allegations do not state a claim for which relief can be granted under § 1983

because a single incident of misconduct is insufficient to establish liability. (Def.'s Mot. to Dismiss at 3.) The Supreme Court, in <u>Pembaur v. City of Cincinnati</u>, said that "a government frequently chooses a course of action tailored to a particular situation and not intended to control decisions in later situations. If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government 'policy' as that term is commonly understood." 475 U.S. 469, 482 (1986). Chidester alleges that the County pursued a policy of non-action as to his beating, evidenced by its failure to investigate the incident properly and punish the officers involved. Even without reference to a broader policy of inaction, Chidester's allegations are sufficient to withstand a motion to dismiss.

The County also argues that Chidester has failed to state a claim for which relief can be granted under § 1983 because he has not alleged any facts showing that a County policy or custom led to the violation of his rights. (Def.'s Mot. to Dismiss at 2.) <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u> established that there is no heightened factual pleading standard for § 1983 claims. 507 U.S. 163, 165-66 (1993). A plaintiff need not plead every response to a potential defense. <u>Poe v. Haydon</u>, 853 F.2d 418, 424 (6th Cir. 1988). All that is required is that the complaint "give the defendant fair notice of what the

7

plaintiff's claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). The Sixth Circuit has previously held that it is appropriate to interpret the complaint broadly to find allegations of policy or custom. <u>Memphis, Tenn. Area Local, Am. Postal Workers Union</u>, 361 F.3d at 903.

## V. Conclusion

For the foregoing reasons, defendant Shelby County's motion to dismiss Plaintiff's § 1983 claims based on violations of Plaintiff's Sixth Amendment rights and right to access to courts in violation of the First and Fourteenth Amendments is GRANTED. Defendant Shelby County's motion to dismiss Plaintiff's § 1983 claims based on violations of Plaintiff's Fourth Amendment right against use of excessive force is DENIED.

So ordered this 14th day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 124 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Christopher Lee Brown
GOTTEN WILSON SAVORY & BEARD, PLLC
88 Union Ave.
14th Floor
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT