FILED BY _____ D.C.

05 JUN 16 AM 10: 31

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARK J. CHIDESTER,                    )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        No. 02-2556 Ma/A
                                      )
CITY OF MEMPHIS, et al.,              )
                                      )
        Defendants.                   )
                                      )

---

ORDER GRANTING DEFENDANTS KEN LANDRY'S AND BENNETT MORRIS'
MOTIONS TO DISMISS AND DENYING DEFENDANT MICHAEL REYNOLDS' MOTION
TO DISMISS

---

Plaintiff Mark Chidester brings this action under 42 U.S.C. §
1983, alleging that Memphis and Shelby County police officers
violated his First, Fourth, Sixth, and Fourteenth Amendment rights.
Chidester also brings state law claims of assault, intentional
infliction of emotional distress, and official misconduct.
Chidester's amended complaint names as defendants the City of
Memphis; Shelby County; W.E. Crews in his personal and official
capacity as Director of the Memphis Police Department; A.C. Gilless
in his personal and official capacity as Sheriff of Shelby County;
Sergeant D.L. Bickerstaff in his personal and official capacity as
an officer of the Memphis Police Department; Officer J.H. Thomas in
his personal and official capacity as a deputy of the Shelby County
Sheriff's Department; Officer Michael R. Reynolds in his personal

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-15-05



and official capacity as a police officer of the Shelby County Sheriff's Department; Sergeant Bennie Morris in his personal and official capacity as a sergeant of the Shelby County Sheriff's Department; and Lieutenant Ken Landry in his personal and official capacity as a lieutenant and official of the Internal Affairs Division of the Shelby County Sheriff's Department. Chidester seeks declaratory relief and compensatory and punitive damages.

On January 11, 2005, Officers Reynolds, Morris and Landry each filed a motion to dismiss Chidester's claims against him under 42 U.S.C. § 1983.[1] Chidester responded to all three motions to dismiss on January 27, 2005. The three defendants filed a reply to Chidester's response on February 11, 2005. Chidester filed an objection to the three defendants' reply on February 28, 2005. For the following reasons, defendants Landry's and Morris' motions to dismiss are GRANTED and defendant Reynolds' motion to dismiss is DENIED.

## I.   Background

The following facts are undisputed, unless otherwise noted. Chidester alleges that on or about December 8, 2001, thirty minutes after leaving the scene of a car accident, he returned to find that his vehicle had been towed and police officers were on the scene. (Am. Compl. at ¶¶ IV.1-3.) The police officers on the scene were

---

[1] This order does not address whether Chidester has stated state law claims against Officers Landry, Morris and Reynolds. If state law claims against these defendants exist, those claims are not dismissed by this order.

Sergeant Bickerstaff, Officer Thomas and Officer Reynolds. (Id. at ¶ IV.15.) Chidester turned himself in to Shelby County Officer Thomas, "stating that he wished to go immediately to jail." (Id. at ¶ IV.4.) Officer Thomas and Sergeant Bickerstaff attempted to perform a field sobriety test on Chidester. (Bickerstaff Aff. at 2.) Sergeant Bickerstaff then entered the front of his police car while Officer Thomas escorted Chidester to the back door of the car. (Id.) While Officer Thomas was attempting to get Chidester into the police car, a "scuffle" between the parties ensued. (Id.) The precise actions that Officer Thomas took to control Chidester during the "scuffle" are in dispute.

Officer Thomas then carried Chidester to the back of the squad car, slammed his head on the trunk and forced Chidester to the ground. (Am. Compl. at ¶ IV.9, 11.) Officer Reynolds was within 20 feet of Officer Thomas during the incident. (Id. at ¶ IV.16.) All of these events were filmed by a camera inside Sergeant Bickerstaff's police car. (Id. at ¶ IV.10.) Chidester alleges that he suffered injuries to his head and inner elbow. (Id. at ¶ IV.17.) Chidester also alleges that after the incident Officers Morris, Reynolds, and Landry participated in an attempt to "cover-up" Officer Thomas' alleged excessive use of force by participating in an inadequate investigation of the arrest. (Id. at ¶¶ IV.30-35.)

Chidester filed his complaint in the district court on July 15, 2002. Morris, Reynolds, and Landry were not named in the

3

original complaint. The complaint did list "other unnamed deputies of Shelby County" as defendants. The case was stayed pending the completion of related criminal prosecutions. Those matters have been resolved, and the case was reopened on May 11, 2004. Shelby County provided Chidester with the County's Fed. R. Civ. P. 26 "initial disclosures" statement on August 3, 2004. (Pl.'s Resp. at ¶ 14.) The "initial disclosures" statement identified Officers Landry, Morris, and Reynolds as having played a role in Chidester's arrest and/or the Sheriff Department's subsequent investigation of the arrest. Chidester filed an amended complaint on December 22, 2004, adding as defendants Officers Reynolds, Morris and Landry.

## II. Jurisdiction

Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction to adjudicate state law claims arising from a common nucleus of operative facts under 28 U.S.C. § 1367(a).

## III. Standard of Review For Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the

4

complaint as true. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs." <u>Memphis, Tenn. Area Local, Am. Postal Workers' Union</u>, 361 F.3d at 902. If the plaintiff can prove no set of facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. <u>Scheid</u>, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." <u>Wittstock v. Mark a Van Sile, Inc.</u>, 330 F.3d 889, 902 (6th Cir. 2003). There is no increased pleading standard for claims alleging municipal liability under 42 U.S.C. § 1983. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 165-66 (1993).

**IV. Analysis**

### A. Official Capacity Claims Against Landry, Morris and Reynolds

The Amended Complaint names Landry, Morris and Reynolds as defendants in their personal and official capacities. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690 n. 55

5

(1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165-66 (1985). Landry, Morris and Reynolds are employed by Shelby County. Because Chidester's suit names Shelby County as a Defendant, naming these three officers as defendants in their official capacities is redundant. Chidester's § 1983 claims against Landry, Morris and Reynolds in their official capacities are DISMISSED.

### B. Section 1983 Claims Against Officers Landry and Morris

The amended complaint naming Landry and Morris as defendants was filed after the statute of limitations on Chidester's civil rights claims had expired.[2] Landry and Morris argue that Chidester's § 1983 claims against them should be dismissed because the filing date of the amended complaint does not relate back to the filing date of the original complaint. Rather than address this question, the court dismisses Chidester's § 1983 claims against Landry and Morris because Chidester has failed to state a claim against them for which relief can be granted.

Claims can only be brought under § 1983 when a plaintiff has been deprived of a right protected by the Constitution or federal law. 42 U.S.C. § 1983; <u>see also</u> <u>Monroe v. Pape</u>, 365 U.S. 167, 171

---

[2] [T]he one-year statute of limitations for personal injury actions under Tennessee law also applies to § 1983 actions brought for personal injuries in Tennessee. <u>See</u> <u>Berndt v. State of Tennessee</u>, 796 F.2d 879, 883 (6th Cir. 1986) (citing Tenn. Code Ann. § 28-3-104(a)).

(1961). Chidester claims that his First, Fourth, Sixth and Fourteenth Amendment rights were violated by the defendants. In previous orders, however, this court has found that the only constitutional deprivation Chidester has suffered is to his Fourth Amendment right against use of excessive force. (January 27, 2005 Order on Officer Thomas' Motion to Dismiss and/or Motion for Summary Judgment at 11.) The court has found that Chidester has no § 1983 claim for denial of his right to access to courts in violation of the First and Fourteenth Amendments. (Id. at 8-9.) The court has also held that Chidester has no § 1983 claim based on a violation of his Sixth Amendment rights.[3] (Id. at 9.)

Because Chidester's excessive force allegation is the only claim he has under § 1983, no § 1983 claim can be sustained against Landry and Morris. These two officers were not present at Chidester's arrest, and Chidester does not allege that they were responsible for the beating. Chidester only alleges that Landry and Morris participated in a cover-up after the beating occurred. (Am. Compl. at ¶IV.31-35.) Consequently, they cannot be responsible for using excessive force or for failing to prevent Officer Thomas from using excessive force. Chidester's § 1983 claims against Officers Landry and Morris are DISMISSED.

---

[3] The court has also held that Chidester has no claims for a civil conspiracy under §§ 1983 and 1986. (June 14, 2005, Order on Chidester's Motion to Reconsider at 11.)

### C. Section 1983 Claims Against Officer Reynolds

Officer Reynolds, who was present at the scene of Chidester's arrest, also argues that Chidester's § 1983 claims against him should be dismissed because the filing date of the amended complaint does not relate back to the filing date of the original complaint. Section 1983 does not contain a statute of limitations. See 42 U.S.C. § 1983. The Sixth Circuit has held that the one-year statute of limitations for personal injury actions under Tennessee law also applies to § 1983 actions brought for personal injuries in Tennessee. See Berndt v. State of Tennessee, 796 F.2d 879, 883 (6th Cir. 1986) (citing Tenn. Code Ann. § 28-3-104(a)). Chidester's arrest occurred on December 8, 2001. The original complaint was filed on July 15, 2002. The original complaint included as defendants Shelby County, Officer Thomas, and "unnamed sheriffs." The amended complaint, which added Reynolds as a defendant, was filed on December 22, 2004. To maintain the suit against Reynolds, Chidester must show that the amended complaint relates back to the date the original complaint was filed.[4]

Relation back is governed by Federal Rule of Civil Procedure 15(c), which provides in pertinent part:

An amendment of a pleading relates back to the date of

---

[4] Chidester's suit was stayed between September 23, 2002, and May 11, 2004, pending the outcome of criminal proceedings. The court does not address whether the statute of limitations was equitably tolled during the stay because the aggregate amount of time between the date of Chidester's arrest and the date the case was stayed, and between the date the stay was lifted and the date the amended Complaint was filed, exceeds one year.

the original pleading when . . .

(2) the claim or defense asserted in the amended pleading
arose out of the conduct, transaction, or occurrence set
forth or attempted to be set forth in the original
pleading, or

(3) the amendment changes the party or the naming of the
party against whom a claim is asserted if the foregoing
provision (2) is satisfied and, within the period
provided by Rule 4(m) for service of the summons and
complaint, the party to be brought in by amendment (A)
has received such notice of the institution of the action
that the party will not be prejudiced in maintaining a
defense on the merits, and (B) knew or should have known
that, but for a mistake concerning the identity of the
proper party, the action would have been brought against
the party.

The period provided by Fed. R. Civ. P. 4(m) is 120 days. Thus, for
an amendment changing the name of a defendant to relate back to the
filing date of the original complaint four criteria must be
satisfied: 1) the claim asserted against the new defendant must
arise out of the transaction or occurrence set forth in the
original pleading; 2) the new defendant must have had notice of the
action within 120 days of the filing of the original complaint and
not be prejudiced in maintaining a defense; 3) the new defendant
knew or should have known that the plaintiff intended to include
him as a defendant in the original action; and 4) the plaintiff did
not include the new defendant in the original complaint because of
a mistake concerning the identity of the proper party. Fed. R. Civ.
P. 15(c)(3).

Reynolds, citing <u>Cox v. Treadway</u>, 75 F.3d 230 (6th Cir. 1996),
argues that the amendment naming Reynolds as one of the unnamed

officers is a change in parties, not a "mere substitution" of parties, and does not relate back to the filing date of the original Complaint. In <u>Cox</u>, the plaintiffs' original complaint "sued 'unnamed police officers' of the City of Louisville and Kentucky State Police." <u>Id.</u> at 240. After the statute of limitations on the plaintiffs' claims had run, they filed an amended complaint in which they named several City of Louisville police officers in place of the "unnamed police officers." <u>Id.</u> The court found that the addition of the named police officers did not relate back to the filing date of the original complaint:

> Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(B). The amendment attempted by appellants clearly adds new parties to the complaint.

> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint.

<u>Id.</u> The court, however, recognized the "imputed knowledge doctrine" as an exception to the otherwise strict rule that substitution of a named defendant for a "John Doe" defendant does not relate back:

> [Plaintiffs] cannot benefit from the "imputed knowledge" doctrine of <u>Berndt v. Tennessee</u> because the City of Louisville was never named as a defendant in this case. In <u>Berndt</u>, knowledge was imputed to the newly added defendants because they were officials of the originally named defendant, the State of Tennessee.

10

Id.

In Berndt, the court found that "imputed knowledge" may satisfy the notice requirements for relation back under Rule 15(c):

> We believe that Rule 15(c) does not require that the new defendants received actual notice. It is enough that the new defendants received constructive notice of the suit. Under some circumstances, notice can also be imputed to a new defendant. Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice.

Berndt, 796 F.2d at 884. Reading Cox and Berndt together demonstrates that in the Sixth Circuit the substitution of a named defendant for a "John Doe" defendant may relate back when the named defendant had imputed knowledge of the original suit. In Daily v. Monte, 26 F.Supp.2d 984 (E.D. Mich. 1998), after analyzing Cox and Berndt, the court held that the substitution of named individuals for "John Doe" defendants may relate back to the filing date of the original complaint if "the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant" because "that relationship may imply receipt of sufficient notice." Id. at 987.

To conclude that the addition of Reynolds does not relate back to the filing date of the original Complaint, the court must find that Reynolds did not have imputed knowledge of Chidester's suit. The Berndt court, in its discussion of imputed knowledge, stated:

> All that we add concerning the inquiry of whether the new defendants knew or should have known that the suit should

11

have been brought against them is that it is a patently
factual inquiry and left to the district court.

Berndt, 796 F.2d at 884. Whether Reynolds had imputed knowledge of
Chidester's suit is not a question that the court can answer as a
matter of law.[5] Reynolds was an officer of Shelby County, and the
County was a named defendant in the original Complaint. Thus, it is
possible that Reynolds had imputed knowledge of Chidester's suit.
See id. Reynolds' motion to dismiss Chidester's § 1983 suit against
Reynolds is denied.

**V. Conclusion**

For the foregoing reasons, defendants Landry's and Morris'
motions to dismiss are GRANTED. Defendant Reynolds' motion to
dismiss is DENIED.

So ordered this _15th_ day of June 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[5] Reynolds' reply brief makes various factual allegations about whether or
not Reynolds had notice of the suit. The allegations, however, are not supported
by affidavits or other evidentiary filings and are not appropriately considered
on a motion to dismiss.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 125 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on June 16, 2005 to the parties listed.

---

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Christopher Lee Brown
GOTTEN WILSON SAVORY & BEARD, PLLC
88 Union Ave.
14th Floor
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT