IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **MARK J. CHIDESTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO.   02-2556 Ma/A |
| | ) | |
| **SHELBY COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER DENYING PLAINTIFF'S MOTION TO LIMIT EXAMINATION OF MARK CHIDESTER BY SHELBY COUNTY

Before the Court is Plaintiff's Motion to Limit Examination of Mark Chidester by Shelby County filed on September 14, 2005. For the following reasons, the Motion is **DENIED**.

### BACKGROUND

Defendant Shelby County ("Shelby County") took the deposition of Mark Chidester on September 12 and 13 of 2005. During the deposition, Plaintiff's counsel claims that counsel for Shelby County repeatedly asked the same questions in an attempt to "unreasonably annoy, embarrass, or oppress" the Plaintiff. (Pl.'s Mot. 1). Plaintiff's counsel alleges that Plaintiff should not have to answer the same question over and over again and that such tactics are an abuse of process intended to harass and annoy Plaintiff.

### ANALYSIS

Movant refers to Federal Rules of Civil Procedure 30(d)(1) and (4) as authority for the Motion. These rules, however, are inapplicable to a deposition that has already taken place. Rule 30(d)(1) concerns "Any objection *during* a deposition" and Rule 30(d)(4) states that it is

applicable "At any time *during* a deposition." Fed. R. Civ. P. 30(d)(1) and (4) (emphasis added). Although the Court does have authority to order that the officer conducting the deposition to cease or limit the scope and manner in which he or she is conducting the deposition, the Court is unable to limit an examination of a deponent after it has already taken place.

Federal Rule of Civil Procedure 30(d)(4) does reference Federal Rule of Civil Procedure 37(a)(4) in connection with the imposition of sanctions and award of expenses. If counsel for the Plaintiff believes that Shelby County's counsel acted in bad faith or violated the Federal Rules of Civil Procedure, he can file a Motion for Sanctions against Shelby County's counsel.

Therefore, because Plaintiff's deposition has already taken place and the Court is unable to retroactively limit his examination by Shelby County's counsel, Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: October 25, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 160 in case 2:02-CV-02556 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Randall Blake Tolley
LAW OFFICE OF RANDALL B. TOLLEY
242 Poplar Ave.
Memphis, TN 38103

Jean Markowitz
CAUSEY CAYWOOD
100 North Main St.
Ste. 2400
Memphis, TN 38103

Henry L. Klein
APPERSON CRUMP & MAXWELL, PLC
6000 Poplar Ave.
Ste. 400
Memphis, TN 38119--397

Thomas E. Hansom
HANSOM LAW OFFICE
659 Freeman Street
Memphis, TN 38122--372

Eugene C. Gaerig
LAW OFFICES OF EUGENE C. GAERIG
100 N. Main Street
Ste. 3118
Memphis, TN 38103

Christopher Lee Brown
GOTTEN WILSON SAVORY & BEARD, PLLC
88 Union Ave.
14th Floor
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT