```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

| | |
|---|---|
| **MARK J. CHIDESTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 02-2556 Ma/A |
| **SHELBY COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

**ORDER GRANTING REYNOLDS' MOTION FOR SUMMARY JUDGMENT**
_____

Plaintiff Mark J. Chidester ("Chidester") brings this action under 42 U.S.C. § 1983, alleging that Memphis and Shelby County police officers violated his First, Fourth, Sixth, and Fourteenth Amendment rights. Chidester also brings state law claims of assault, intentional infliction of emotional distress, and official misconduct. Before the court is Defendant Michael R. Reynolds' ("Reynolds") Motion for Summary Judgment, filed on August 3, 2005. Chidester filed a response on September 6, 2005, and two supplemental responses on October 3, 2005, and January 30, 2006. For the following reasons, Reynolds' motion is GRANTED.

**I. Background**

The following facts are undisputed, unless otherwise noted. Chidester alleges that on or about December 8, 2001, thirty

minutes after leaving the scene of a car accident, he returned to find that his vehicle had been towed and police officers were on the scene. (Am. Compl. ¶¶ IV.1-3.) The officers were Sergeant D.L. Bickerstaff ("Bickerstaff"), Officer J.H. Thomas ("Thomas"), and Reynolds. (Id. ¶ IV.15.) Chidester turned himself in to Thomas, "stating that he wished to go immediately to jail." (Id. ¶ IV.4.) Thomas and Bickerstaff attempted to perform a field sobriety test on Chidester. (Bickerstaff Aff. 2.) Bickerstaff then entered the front of his police car while Thomas escorted Chidester to the back door of the car. (Id.) While Thomas was attempting to get Chidester into the police car, a "scuffle" between the parties ensued. (Id.) The precise actions that Thomas took to control Chidester during the "scuffle" are in dispute.

Thomas then carried Chidester to the back of the squad car, slammed his head on the trunk and forced Chidester to the ground. (Am. Compl. ¶ IV.9, 11.) Reynolds was within 20 feet of Thomas during the incident. (Id. ¶ IV.16.) All of these events were filmed by a camera inside Bickerstaff's police car. (Id. ¶ IV.10.) Chidester alleges that he suffered injuries to his head and inner elbow. (Id. ¶ IV.17.) Chidester also alleges that after the incident Reynolds participated in an attempt to "cover-up" Thomas' alleged excessive use of force by participating in an inadequate investigation of the arrest. (Id. ¶¶ IV.30-35.)

Chidester filed his complaint in the district court on July

15, 2002. Reynolds was not named in the original complaint, but the complaint did list "other unnamed deputies of Shelby County" as defendants. The case was stayed pending the completion of related criminal prosecutions. Those matters have been resolved, and the case was reopened on May 11, 2004. Shelby County provided Chidester with the County's Fed. R. Civ. P. 26 initial disclosures statement on August 3, 2004. (Pl.'s Resp. 3 ¶ 14.) The initial disclosures statement identified Reynolds as having played a role in Chidester's arrest and the Sheriff Department's subsequent investigation of the arrest. (Id. Ex. A ¶ I.4.) Chidester filed an amended complaint on December 22, 2004, adding Reynolds as a defendant.

Reynolds filed a motion to dismiss on January 11, 2005, contending that the claims against him should be dismissed because the statute of limitations had expired when the amended complaint was filed and the amendment did not relate back to the original filing date under Fed. R. Civ. P. 15(c).  The court found, however, that it could not determine whether the amendment related back to the original filing date in the context of a motion to dismiss and, therefore, denied Reynolds' motion on June 16, 2005.

## II. Jurisdiction

The court has jurisdiction to adjudicate federal claims under 28 U.S.C. § 1331. The court has supplemental jurisdiction

under 28 U.S.C. § 1367(a) to adjudicate state law claims arising from the same nucleus of operative facts as the federal claims.

### III. Standard for Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary

4

judgment motion by mere reliance on the pleadings. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." <u>Cloverdale Equip. Co. v. Simon Aerials, Inc.</u>, 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. See <u>id.</u>

**IV. Analysis**

Chidester asserts that this motion should be dismissed because it was filed before the close of discovery. "[S]ummary judgment should not ordinarily be granted before discovery has been completed[,]...particularly...when constitutional and civil rights claims are at issue." <u>Tarleton v. Meharry Med. Coll.</u>, 717 F.2d 1523, 1535 (6th Cir. 1983). The procedure for challenging a summary judgment motion as premature because discovery has not closed, however, is to file a Rule 56(f) affidavit, describing the discovery needed, or a motion for additional discovery. <u>Vance v. United States</u>, 90 F.3d 1145, 1149 (6th Cir. 1996). Chidester has done neither.

Furthermore, although discovery was open when Reynolds' motion was filed, it has since closed. Chidester has filed two

5

supplements to his initial response, amending it by adding evidence obtained during the course of discovery. Although Chidester did not follow the normal procedure of asking for leave to supplement his response, the court will consider his supplemental evidence because of the general preference not to grant summary judgment before all parties have had an opportunity for full discovery. Therefore, the court finds the motion is not premature, and the motion will be considered on the merits.[1]

Reynolds asserts that the court should grant summary judgment in his favor because, when Chidester amended his complaint to add Reynolds, the statute of limitations had expired and the amendment did not relate back to the date the complaint was originally filed under Fed. R. Civ. P. 15(c). The court has already found that the amended complaint was not filed until the statute of limitations had expired. (Order 8, June 16, 2005.)

Under Rule 15(c)(3), an amendment changing a party or the name of a party relates back to the date of the original pleading when the claim against that party arose out of the same conduct, transaction, or occurrence as the claims brought in the original pleading; the party received notice of the action within the 120-

---

[1] Chidester also asserts that the motion should be denied because Reynolds did not attach a serially-numbered list of the material facts on which he relies in his motion as required by Local Rule 7.2(d)(2). Chidester cites no authority, however, to show that failure to comply with the rule alone provides grounds to deny Reynolds' motion. See Choate v. Tubbs, 2003 WL 1848177, at *1 n.1 (W.D. Tenn. Apr. 4, 2003) ("However, the rule does not state that failure to comply with that provision alone is grounds for denial of the motion.").

day period for service and summons of the complaint set forth in Rule 4(m); and the party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." In this case, Reynolds has submitted an affidavit that he had no actual knowledge of Chidester's lawsuit until he was served with the amended complaint in January 2005. (Reynolds Aff. ¶ 1, Aug. 2, 2005.) Chidester presents evidence showing that Reynolds became aware as early as February 2002 that Chidester had made complaints about his arrest. (Pl.'s 2d Supp. Resp. Ex. 1.) Awareness of internal complaints, however, is not sufficient to show that Reynolds was actually aware of Chidester's lawsuit.

Chidester contends, however, that because Reynolds is an official of Shelby County, a defendant named in the original complaint, Reynolds had constructive notice of the filing of the original complaint as of the date Shelby County received notice, and therefore, the notice requirement of Rule 15(c)(3) is satisfied.

> Factors to consider in determining whether the new defendant had constructive notice include whether: 1) the new defendant allegedly committed the unconstitutional acts; 2) the new defendant worked for the original defendant; 3) the new and original defendants are represented by the same counsel; 4) the plaintiff is incarcerated; and 5) the plaintiff is proceeding pro se.

Friedmann v. Campbell, 202 F.3d 268 (tbl), 1999 WL 1045281, at *2 (6th Cir. Nov. 8, 1999).  In this case, Chidester is not

incarcerated or proceeding pro se. Furthermore, Chidester alleges that Thomas, not Reynolds, assaulted him.  As to Reynolds, Chidester alleges that Reynolds was present at the scene, standing a few feet from Chidester and Thomas, but failed to intervene to protect Chidester. Reynolds is employed by Shelby County, one of the original defendants, and is represented by the same attorney as Shelby County, although the evidence shows that Reynolds was not represented by the Shelby County attorney until after he had been served with the summons and complaint. (Reynolds Aff. ¶ 4, Def.'s Mem. Supp. Summ. J. Fax Cover Sheet, Glasco Letter.[2])

Another factor to be considered in determining whether a new defendant had constructive knowledge of the original complaint is whether the new defendant was a "high official" of the original defendant, such that he would have been involved in the original defendant's legal affairs. Force v. City of Memphis, 101 F.3d 702 (tbl.), 1996 WL 665609, at *2 (6th Cir. Nov. 14, 1996).  In this case, Reynolds was not and is not a "high official" of Shelby County or the Shelby County Sheriff's Department. (Reynolds Aff. ¶ 3.) Chidester asserts in his response to Reynolds' motion that Reynolds was the supervisor on the scene,[3] but the only evidence

---

[2] Reynolds did not label the exhibits attached to his motion. Therefore, the court will identify the exhibits with descriptions.

[3] As support for this contention, Chidester refers the court to one of the unmarked exhibits submitted by Reynolds in support of his motion, but does not describe the exhibit. None of Reynolds' exhibits indicates that he was a supervisor.

indicates that Reynolds was a patrol officer who was assisting Thomas. (Def.'s Mem. Reynolds IAD Statement 1-2.)

Finally, the reasons for a plaintiff's failure to amend the complaint before the expiration of the statute of limitations are relevant. Force, 1996 WL 665609, at *3. Chidester asserts that the delay was caused by Shelby County when it moved to have the case closed administratively. As the court has previously found, however, even if the statute of limitations were equitably tolled to exclude the time during which the case was closed, the limitations period would have expired several months before Chidester filed his amended complaint naming Reynolds. (Order 8 n.4, June 16, 2004.)

Given the evidence, the court finds that Reynolds did not have actual or constructive notice of Chidester's original complaint within 120 days of the date it was filed. Therefore, the amended complaint does not relate back to the date the original complaint was filed, and the addition of Reynolds as a defendant is untimely.  Reynolds' motion for summary judgment is granted.

**V. Conclusion**

    Defendant Michael R. Reynolds' motion for summary judgment is GRANTED.

                So ordered this 17th day of February 2006.

                           s/Samuel H. Mays, Jr.

                           SAMUEL H. MAYS, JR.

                           UNITED STATES DISTRICT JUDGE