```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

MARK J. CHIDESTER,                    )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )      No. 02-2556 Ma/A
OFFICER J.H. THOMAS, et al.           )
                                      )
    Defendants.                       )
                                      )
_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT OFFICER J.H. THOMAS' MOTION TO DISMISS AND FOR PARTIAL SUMMARY JUDGMENT**
_____

Plaintiff Mark J. Chidester ("Chidester") brings this action under 42 U.S.C. § 1983, alleging the violation of his Fourth and Fourteenth Amendment rights. Chidester also brings a state law claim for assault and claims for violation of the Tennessee Constitution.[1] Two defendants remain in the case: Shelby County Officer J.H. Thomas ("Thomas") and Shelby County. Before the court is Defendant Thomas' Motion to Dismiss and for Partial Summary Judgment, filed on November 14, 2005. Chidester filed a response on December 16, 2005. For the following reasons, Thomas' motion is GRANTED in part and DENIED in part.

---

[1] Plaintiff also brought claims for violation of his First and Sixth Amendment rights and state claims for intentional infliction of emotional distress and official misconduct. The court dismissed or granted summary judgment on those claims as to Defendant Officer J.H. Thomas on January 27, 2005 in its Order Granting in Part and Denying in Part Defendant Thomas' Motion to Dismiss and/or in the Alternative for Summary Judgment.

1

**I. Background**

The following facts are undisputed, unless otherwise noted. Chidester alleges that on or about December 8, 2001, thirty minutes after leaving the scene of a car accident, he returned to find that his vehicle had been towed and police officers were on the scene. (Am. Compl. ¶ IV.1-3.) Chidester turned himself in to Thomas, "stating that he wished to go immediately to jail." (Id. ¶ IV.4.) Thomas and Sergeant D.L. Bickerstaff ("Bickerstaff") of the Memphis Police Department attempted to perform a field sobriety test on Chidester. (Bickerstaff Aff. 2.) Bickerstaff then entered the front of his police car while Thomas escorted Chidester to the back door of the car. (Id.) Chidester alleges that, "while assisting [him] into the car, [Thomas] purposefully slammed his head into the side of the squad car door opening." (Am. Compl. ¶ IV.6.)

Then, according to Chidester, Thomas carried him to the back of the squad car, held him against the trunk, allegedly slammed his head on the trunk, and finally forced him to the ground. (Id. ¶ IV.9, 11.) When Bickerstaff became aware that Chidester had apparently been slammed against the police car, Bickerstaff exited the car and approached Thomas and Chidester at the rear of the car. (Bickerstaff Aff. at 2.) All of the events that occurred by the back of the squad car were filmed by a DUI camera inside Bickerstaff's police car. (Am. Compl. at ¶ IV.10.)

Chidester filed his complaint in the district court on July 15, 2002. The case was stayed pending the completion of related criminal prosecutions. Those matters have been resolved, and the case was reopened on May 11, 2004. An amended complaint was filed on December 22, 2004.

## II. Jurisdiction

Because this case arises under federal law, the court has jurisdiction under 28 U.S.C. § 1331. The court has supplemental jurisdiction to adjudicate state law claims arising out of a common nucleus of operative facts under 28 U.S.C. § 1367(a).

## III. Standard of Review

### A. Dismissal Under Rule 12(b)(6)

"Under the liberal notice pleading rules, a complaint need only put a party on notice of the claim being asserted against it to satisfy the federal rule requirement of stating a claim upon which relief can be granted." Memphis, Tenn. Area Local, Am. Postal Workers' Union, AFL-CIO v. City of Memphis, 361 F.3d 898, 902 (6th Cir. 2004). When considering a motion to dismiss for failure to state a claim, the court regards all factual allegations in the complaint as true. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, the court must construe the complaint in the light most favorable to the plaintiffs. Memphis, Tenn. Area Local, Am. Postal Workers' Union, 361 F.3d at 902. If the plaintiff can prove no set of

facts that would entitle him to relief based on a viable legal theory, the claim will be dismissed. Scheid, 859 F.2d at 437.

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47 (1957). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim." Wittstock v. Mark a Van Sile, Inc., 330 F.3d 889, 902 (6th Cir. 2003) (emphasis added). There is no increased pleading standard for claims alleging municipal liability under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 165-66 (1993).

### B. Summary Judgment

The party moving for summary judgment "bears the burden of clearly and convincingly establishing the nonexistence of any genuine issue of material fact, and the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986). The moving party can meet this burden by pointing out to the court that the respondents, having had sufficient opportunity for discovery, have no evidence to support an essential element of their case. See Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989).

When confronted with a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. A genuine issue for trial exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). The party opposing the motion must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). The nonmoving party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). Instead, the nonmoving party must present "concrete evidence supporting its claims." <u>Cloverdale Equip. Co. v. Simon Aerials, Inc.</u>, 869 F.2d 934, 937 (6th Cir. 1989). The district court does not have the duty to search the record for such evidence. See <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 110-11 (6th Cir. 1989). Nonmovants have the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in their favor. <u>See</u> <u>id.</u>

**IV. Analysis**

Thomas asserts that Chidester's claims under the Fourteenth Amendment and under the Tennessee Constitution should be dismissed. Thomas seeks summary judgment on Chidester's Fourth Amendment claim, asserting that there is no genuine issue of

material fact and that he is entitled to qualified immunity on that claim. Thomas also argues that there is no genuine issue of material fact as to Chidester's state law claim for assault and that he is immune to the assault claim under the Tennessee Governmental Tort Liability Act and the doctrine of qualified immunity.

### A. Fourteenth Amendment

Chidester's amended complaint alleges that Thomas violated his Fourth and Fourteenth Amendment rights by using excessive force in arresting Chidester. The Fourth Amendment prohibition of unreasonable seizures is the source of Chidester's right to be free of excessive force. <u>Graham v. Connor</u>, 490 U.S. 386, 394 (1989). "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994) (quoting <u>Graham</u>, 490 U.S. at 395). Although Chidester is correct that the Fourth Amendment applies to the states through the Fourteenth Amendment, the claim for excessive force must be analyzed under the framework of the Fourth, not the Fourteenth Amendment. Therefore, Chidester's Fourteenth Amendment claim is dismissed.

### B. Tennessee Constitutional Claims

Chidester's amended complaint includes claims for "corresponding violations of the Constitution of the State of Tennessee." Thomas asserts, however, that Chidester's claims under the Tennessee Constitution must be dismissed because Tennessee law does not provide a private right of action for violations of the Tennessee Constitution. Thomas is correct; there is no express or implied private right of action in Tennessee law for violations of the Tennessee Constitution. Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n, 15 S.W. 3d 434, 446 (Tenn. Ct. App. 1999); see also Cline v. Rogers, 87 F.3d 176, 179-80 (6th Cir. 1996). Therefore, Chidester's claims under the Tennessee Constitution are dismissed.

**C. Fourth Amendment Claim**

Although Thomas acknowledges that there is a general issue of material fact about whether Thomas purposefully hit Chidester's head against the door of the squad car, Thomas asserts that the court should grant summary judgment in his favor on Chidester's claim that Thomas violated his Fourth Amendment rights by later allegedly slamming his head into the trunk of the squad car. Thomas argues that, because Chidester has admitted that he does not remember what happened at the rear of the squad car, the court must find that Thomas' account, in which Chidester threw himself against the trunk, is "uncontroverted." (Def.'s Mem. 16.) This argument, however, ignores the fact that the

events that occurred at the back of the squad car were recorded by a video camera inside the squad car and that the video recording does not necessarily corroborate Thomas' version of the events.

Thomas also argues that, even if the court were to assume that he did push Chidester into the trunk, the use of force was reasonable because of Chidester's "belligerent and uncooperative behavior all through the evening." (Id.) Claims under § 1983 of excessive force in violation of the Fourth Amendment are evaluated using an "objective reasonableness" standard. Graham, 490 U.S. at 388. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. Courts must take into account the nature of an officer's work, which often requires him to make "split-second judgments in circumstances that are tense, uncertain, and rapidly evolving...." Id. at 397. Because the determination is objective, however, an individual officer's subjective intent or motivations in taking a particular action are not taken into account. Id.

In determining whether an officer's use of force was reasonable, the sequence of events is analyzed in segments. Dickerson v. McClellan, 101 F.3d 1151, 1161-62 (6th Cir. 1996). Therefore, Chidester's earlier behavior is not relevant to the determination about whether Thomas' alleged use of force was

reasonable at the moment he allegedly slammed Chidester's head into the trunk of the squad car. Only Chidester's behavior when the event occurred is relevant. A reasonable juror, viewing the video, could find that Chidester was restrained and cooperative when Thomas allegedly slammed Chidester's head into the trunk of the squad car and, therefore, that Thomas' actions constituted an objectively unreasonable use of force.

Thomas next argues that he is protected from suit by qualified immunity. "Qualified immunity operates 'to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful.'" Hope v. Pelzer, 536 U.S. 730, 739 (2002) (quoting Saucier v. Katz, 533 U.S. 194, 206 (2001)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." Hope, 536 at 736. If the court finds a constitutional violation, it must then consider whether the defendants' actions violated "'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Id. (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Competent public officials are expected to know the law governing their conduct, including binding precedent from the courts in the jurisdiction in which they operate. See Williams v. Kentucky, 24 F.3d 1526, 1532-33 (6th Cir. 1994).

The Fourth Amendment right against use of excessive force is

an established right of which any reasonable police officer is aware. If Thomas assaulted Chidester while Chidester was restrained and cooperating with Thomas' efforts to arrest him, it would be unreasonable for Thomas to believe that the law condoned his actions. See Graham, 490 U.S. at 392-93, 396-97 (1989). Therefore, the court finds that Thomas is not shielded by the doctrine of qualified immunity, and Thomas' motion for summary judgment on Chidester's Fourth Amendment claim is denied.

### D. State Law Assault Claim

The elements of a civil claim for assault are derived from the Tennessee common law. Vafaie v. Owens, 1996 WL 502133, at *3 (Tenn. Ct. App. Sept. 6, 1996). Under the common law, an assault is "any act tending to do corporal injury to another, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against that person." Id. (citing Huffman v. State, 292 S.W. 2d 738, 742 (Tenn. 1956)(overruled on other grounds by State v. Irvin, 603 S.W. 2d 121 (Tenn. 1980))). Thomas asserts that the court should grant summary judgment on Chidester's claim for assault as to the alleged incident at the trunk of the squad car because Chidester's inability to recall the event means that he cannot show that he was put in apprehension of harmful or offensive contact.[2]

---

[2] Thomas apparently does not assert that the court should grant summary judgment in his favor on Chidester's claim that Thomas assaulted him by allegedly slamming his head into the door of the squad car.

10

Thomas' argument is based on the elements of a claim for assault set forth in the Restatement (Second) of Torts § 21. Nothing in Tennessee law, however, indicates that Tennessee has replaced its common law definition of assault with the elements set forth in the Restatement. A plaintiff does not have to show that he was put in apprehension to establish a claim for assault under the Tennessee common law. Although Thomas also argues that he did not intend to harm Chidester, the court finds that there is a genuine issue of material fact about whether Thomas acted with the necessary intent.

Thomas also asserts that Chidester's claim for assault should be dismissed because Thomas is entitled to immunity under state law. Under Tennessee law, "[n]o claim may be brought against an employee [of a governmental entity] or judgment entered against an employee [of a governmental entity] for damages for which the immunity of the governmental entity is removed by [Tennessee law]...." T.C.A. § 29-20-310(b). The Tennessee Governmental Tort Liability Act has removed the immunity from suit of governmental entities in Tennessee "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment...." T.C.A. § 29-20-205. Therefore, if the governmental entity is not immune from suit, the employee is immune.

In Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73 (Tenn. 2001), the Tennessee Supreme Court held that a governmental entity may be held liable for an intentional assault committed by one of its

11

employees when its own negligence was the proximate cause of the injury. Id. at 84. The Tennessee Supreme Court's decision in Limbaugh allowed Coffee Medical Center to be sued because it negligently failed to supervise one of its nursing assistants who assaulted a patient. Coffee Medical Center had prior notice of the nursing assistant's aggressive tendencies and had not disciplined her. Id. at 80. The court stated, "we conclude that the medical center is not immune from tort liability where the injuries at issue were proximately caused by its negligence in failing to exercise reasonable care to protect a resident from the foreseeable risk of an employee's intentional assault and battery." Id. at 76.

If, as Chidester alleges in his amended complaint, the Shelby County Sheriff's Department was negligent, and its policies and practices were the proximate cause of the assault that led to Chidester's injuries, Shelby County has waived immunity from Chidester's assault claim. The court, however, does not have sufficient information to determine whether Shelby County's negligence was the proximate cause of Chidester's injuries. Therefore, the court cannot determine at this time whether Thomas is entitled to immunity from Chidester's assault claim under Tennessee law, and Thomas' motion for summary judgment on Chidester's assault claim is denied.

**V. Conclusion**

Defendant Officer J.H. Thomas' Motion to Dismiss Plaintiff Mark J. Chidester's claims under the Fourteenth Amendment and the

Tennessee Constitution is GRANTED.

Defendant Officer J.H. Thomas' Motion for Partial Summary Judgment on Plaintiff Mark J. Chidester's Fourth Amendment and assault claims is DENIED.

So ordered this 24th day of May 2006.

                                      s/Samuel H. Mays, Jr.
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE